NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

KINYATTA SHANTELLE PERKINS, *Appellant.*

No. 1 CA-CR 17-0755
FILED 7-17-2018

Appeal from the Superior Court in Maricopa County
No. CR2016-158542-001
The Honorable George H. Foster, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Jeffrey L. Force
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Kenton D. Jones delivered the decision of the Court, in which Judge Michael J. Brown and Judge Jon W. Thompson joined.

---

**J O N E S**, Judge:

¶1        Kinyatta Perkins appeals her convictions and sentences for two counts of disorderly conduct and one count of criminal damage.  After searching the entire record, Perkins's defense counsel identified no arguable question of law that is not frivolous.  Therefore, in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), defense counsel asked this Court to search the record for fundamental error.  Perkins was granted an opportunity to file a supplemental brief *in propria persona* but did not do so.  After reviewing the entire record, we find no fundamental error.  Accordingly, Perkins's convictions and sentences are affirmed.

## FACTS AND PROCEDURAL HISTORY

¶2        On December 3, 2016, Perkins called the victim, T.G., asking to come over to T.G.'s apartment.[1]  T.G. told Perkins no, but Perkins arrived anyway and forced her way into the apartment.  Perkins then pushed T.G. down onto the bed and began choking her in front of her nine-year-old son.  T.G.'s seven-year-old son was in another room but heard the commotion and saw Perkins choking her.  T.G. hit Perkins over the head with a vase and was eventually able to push Perkins out of the apartment, but not before Perkins knocked over T.G.'s television and broke a lamp.

¶3        After Perkins had left the apartment, both the nine-year-old son and T.G. called 9-1-1.  T.G. was examined by a forensic nurse, who documented scratches on T.G.'s throat and recommended she go to the emergency room to have her swollen neck examined.

---

[1]        "We view the facts in the light most favorable to sustaining the convictions with all reasonable inferences resolved against the defendant." *State v. Harm*, 236 Ariz. 402, 404 n.2, ¶ 2 (App. 2015) (quoting *State v. Valencia*, 186 Ariz. 493, 495 (App. 1996)).

¶4         The State charged Perkins with one count of aggravated assault, a domestic violence offense; two counts of disorderly conduct — one for each of the children present; and one count of criminal damage, a domestic violence offense.  At a six-day trial, the State presented testimony from T.G., both children, the forensic nurse, and the officers involved in the case.  It also played the nine-year-old's 9-1-1 call to the jury.  The State stipulated the damage to T.G.'s property was less than $250.  Perkins moved unsuccessfully for judgment of acquittal on the first three counts and then testified in her defense.  The jury acquitted Perkins of aggravated assault but convicted her of both counts of disorderly conduct and criminal damage.  The jury did not find the criminal damage count was a domestic violence offense.

¶5         At sentencing, the trial court found Perkins was a non-dangerous, non-repetitive offender, suspended her sentence, and placed her on two years of supervised probation.  Perkins timely appealed, and we have jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) §§ 12-120.21(A)(1),[2] 13-4031, and -4033(A)(1).

## DISCUSSION

¶6         Our review of the record reveals no fundamental error.  *See Leon*, 104 Ariz. at 300 ("An exhaustive search of the record has failed to produce any prejudicial error.").  As relevant here, a person commits disorderly conduct, a class one misdemeanor, "if, with intent to disturb the peace or quiet of a . . . family or person, or with knowledge of doing so, such person . . . [e]ngages in fighting, violent or seriously disruptive behavior." A.R.S. § 13-2904(A)(1).  "A person commits criminal damage by . . . [r]ecklessly defacing or damaging property of another person." A.R.S. § 13-1602(A)(1).  Criminal damage is a class 2 misdemeanor if the person causes less than $250 in damage.  A.R.S. § 13-1602(B)(6).  The record contains sufficient evidence upon which the jury could determine beyond a reasonable doubt that Perkins was guilty of the charged offenses.

¶7         All the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure.  So far as the record reveals, Perkins was represented by counsel at all stages of the proceedings and was present at all critical stages, including the entire trial and verdict. *See State v. Conner*, 163 Ariz. 97, 104 (1990) (right to counsel at critical stages) (citations

---

[2]         Absent material changes from the relevant date, we cite a statute's current version.

omitted); *State v. Bohn*, 116 Ariz. 500, 503 (1977) (right to be present at critical stages). The jury was properly comprised of eight jurors, and the record shows no evidence of jury misconduct. *See* Ariz. Const. art. 2, § 23; A.R.S. § 21-102(B); Ariz. R. Crim. P. 18.1(a). The trial court properly instructed the jury on the elements of the charged offenses, the State's burden of proof, and Perkins's presumption of innocence. At sentencing, Perkins was given an opportunity to speak, and the court stated upon the record the evidence and materials it considered in sentencing. *See* Ariz. R. Crim. P. 26.9, 26.10. Additionally, the sentences are within the statutory limits. *See* A.R.S. § 13-707(A).

**CONCLUSION**

**¶8**        Perkins's convictions and sentences are affirmed.

**¶9**        Defense counsel's obligations pertaining to Perkins's representation in this appeal have ended. Defense counsel need do no more than inform Perkins of the outcome of this appeal and her future options, unless, upon review, counsel finds an issue appropriate for submission to our supreme court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85 (1984).

**¶10**        Perkins has thirty days from the date of this decision to proceed, if she wishes, with an *in propria persona* petition for review. *See* Ariz. R. Crim. P. 31.21. Upon the Court's own motion, we also grant Perkins thirty days from the date of this decision to file an *in propria persona* motion for reconsideration.



AMY M. WOOD • Clerk of the Court
FILED:  AA